UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-01923-KK-SHKx** | Date: | October 17, 2025 |
|---|---|---|---|

| Title: | *Hector Gutierrez v. Defendant "1" et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order DENYING Plaintiff's Motion for Default Judgment [Dkt. 35]**

The Court has reviewed and considered Hector Gutierrez's ("Plaintiff") Motion for Default Judgment ("Motion"), against Defendant 1, a/k/a "Yan Shi Zhang" ("Defendant").  ECF Docket No. ("Dkt.") 35, Mot.

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. Local Rule ("L.R.") 7-15.  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion as procedurally defective.

\*    \*    \*

Under Local Rule 55-1, a party moving for default judgment must submit a declaration setting forth (1) when and against what party default was entered; (2) the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. §§ 521 et seq., does not apply; and (5) that notice has been served on the defaulting party if required under Rule 55(b).  L.R. 55-1.

Here, Plaintiff has failed to satisfy Local Rule 55-1.  Plaintiff attached two exhibits for his Motion, but neither addresses the requirements of Local Rule 55-1.  See Dkt. 35-1, Declaration of Hector Gustav Gutierrez; Dkt. 35-2, Affidavit of Attorney (sic) Fees and Costs.  While Plaintiff's Motion states they "believe Defendants are not infant or incompetent persons" and "that the Service members Civil Relief Act does not apply," Mot. at 5, Plaintiff does not cite to a declaration or other admissible evidence.  Hence, "the court could not identify any information addressing

compliance with Local Rule 55-1 in its review." <u>Great Am. Ins. Co. v. Pool</u>, No. CV-21-1390-FMO-JCx, 2022 WL 3012821, at *1 (C.D. Cal. May 9, 2022) (denying motion without prejudice for failure to comply with Local Rule 55-1); <u>see also</u> <u>Fuentes v. JDA Fin. Consulting</u>, No. CV-23-08344-CAS-BFMx, 2024 WL 5185618, at *1 (C.D. Cal. Oct. 23, 2024) (same). Accordingly, Plaintiff's motion is procedurally deficient and is, therefore, **DENIED**.

Additionally, the Court notes, among other things, three other deficiencies. First, Plaintiff cites to minimal facts[1] and no specific authority in arguing that this Court has personal jurisdiction over Defendant or that venue in this district is proper, <u>see</u> Mot. at 5-6, which is a prerequisite to entering default judgment, <u>see</u> <u>Blumenthal Distrib., Inc. v. Comoch Inc.</u>, 652 F. Supp. 3d 1117, 1126 (C.D. Cal. 2023) ("Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction, personal jurisdiction, and service." (citing <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999)).

Second, as currently pled, Plaintiff's Complaint falls short of alleging a RICO violation under a wire fraud theory subject to Fed. R. Civ. P. 9(b). <u>See</u> <u>Bandyopadhyay v. Defendant 1</u>, No. 22-CV-22907, 2023 WL 2263552, at *2 (S.D. Fla. Feb. 28, 2023) (rejecting wire fraud RICO claim in "pig butchering" crypto case because the "[p]laintiff's multiple instances of deception [did] not suffice to show a 'pattern of racketeering activity'"); <u>Bondit, LLC v. Hallows Movie, Inc.</u>, No. CV-19-09832-AB-RAOx, 2020 WL 7777992, at *2-9 (C.D. Cal. Apr. 1, 2020) (dismissing wire fraud RICO claim under Fed. R. Civ. P. 12(b)(6)); <u>see also</u> <u>5960 Bonsall, LLC v. Lanix Expl. Inc.</u>, No. CV-15-03628-MMM-PJWx, 2015 WL 12696201, at *6 (C.D. Cal. Oct. 15, 2015) ("The heightened pleading standard of Rule 9(b) applies in assessing motions for default judgments based on allegations of fraud." (citation modified)).

Finally, the Court would be unable to award Plaintiff's sought relief based on the current record. <u>See</u> <u>Gimble v. Coast to Coast Fin. Sols., Inc.</u>, No. CV-23-10092-SVW-PVCx, 2024 WL 4328820, at *3 (C.D. Cal. July 17, 2024) (denying the plaintiff's requested relief damages because they had "not shown evidence of actual damages"). Indeed, the longstanding rule is that the factual allegations "relating to the amount of damages" are not "taken as true." <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977); <u>accord</u> <u>Berholtz v. P4 Meditech Analytics, LLC</u>, 600 F. Supp. 3d 1128, 1135 (S.D. Cal. 2022) ("Plaintiff is required to prove all damages sought in the complaint. Allegations in the complaint as to the amount of damages are not entitled to an assumption of truth." (citation modified)). Plaintiff's declarations do not provide sufficient evidence, such as evidence of Plaintiff's bank or cryptocurrency exchange transactions. Instead, Plaintiff's declaration includes only a Bitcoin to U.S. Dollar conversion graph for an unspecific date. <u>See</u> Dkt. 35-1 at 4, Ex. A. Accordingly, upon filing an amending motion, Plaintiff must include evidence "proving-up" its damages. <u>Gimble</u>, 2024 WL 4328820, at *3.

///

---

[1] For example, with respect to venue, Plaintiff alleges the theft "occurred while Plaintiff was located in the State of California" and that the relevant IP address for Defendant was "tracked to San Francisco, California," Compl. ¶¶ 7-8, but fails to specify any facts addressing proper venue other than conclusorily stating "Defendants directed numerous false and fraudulent representations to Plaintiff in this district, stole Plaintiff's assets within this district, and caused significant harm to Plaintiff in this district." <u>Id.</u> ¶ 7.

\*   \*   \*

For the preceding reasons, Plaintiff's Motion for Default Judgment is **DENIED** without prejudice.  Plaintiff shall file an amended motion for default judgment no later than twenty-one days from the date of this Order.  Plaintiff is explicitly warned failure to file a timely amended motion will result in this action being dismissed for failure to prosecute and/or comply with Court orders.

**IT IS SO ORDERED.**